UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DETRICK CLARKE,

    Plaintiff,

v.                                Case No: 8:21-cv-2011-CEH-SPF

HUNTER WARFIELD, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court upon Defendant Hunter Warfield's Unopposed Motion to Stay the Case Pending the *En Banc* Decision in *Hunstein* (Doc. 12). Upon consideration, the Court will grant the Motion to Stay.

**DISCUSSION**

Detrick Clarke alleges that Hunter Warfield, Inc., in attempting to collect a debt, transmitted his personal information to a third party. Doc. 1-4 ¶¶20–21. Clarke now sues Hunter Warfield for allegedly violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b), and the Florida Consumer Collection Practices Act, Florida Statutes § 559.72(5). *Id.* at ¶¶33–40. In bringing his FDCPA claim, which serves as his only federal claim, Clarke alleges that Hunter Warfield's transmission of his personal information to the third party violates 15 U.S.C. § 1692c(b) based on the April 21, 2021 opinion in *Hunstein v. Preferred Collection and Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021). *Id.* at ¶¶28, 35. There, a panel of the Eleventh Circuit held that

Hunstein had Article III standing to bring his claim under § 1692c(b) and that the defendant's transmittal of Hunstein's debt-related information to a third party "constituted a communication 'in connection with the collection of any debt'" under § 1692c(b). 994 F.3d at 1352.

But, following the Supreme Court's opinion in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the panel reconsidered its earlier holding, vacated its prior opinion, and substituted a new opinion in its place. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1016, 1020 (11th Cir. 2021). Recently, the Eleventh Circuit vacated that opinion and ordered the case to be reheard *en banc*. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 14 F.4th 1103, 1104 (11th Cir. 2021). As a result, Hunter Warfield now moves the Court, without opposition, to stay this action pending the Eleventh Circuit's *en banc* decision in *Hunstein*. Doc. 12 at 16.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The determination of whether to impose a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. The party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255. "The Eleventh Circuit has approved

of stays pending appellate resolution of a related case, especially where the related matter is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Ring v. City of Gulfport*, No. 8:20-cv-593-VMC-CPT, 2020 WL 3895435, at *4 (M.D. Fla. July 10, 2020) (citing *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)).

The Court will stay this action. Because Clarke's FDCPA claim relies upon *Hunstein*, which, like this action, addressed Article III standing and transmittal of information to third parties under § 1692c(b), the *en banc* Eleventh Circuit's resolution of the appeal will have a substantial or controlling effect on that claim. Staying this action will promote judicial economy and ensure that neither party expends unnecessary resources. On the other hand, requiring the parties to proceed while the *Hunstein* appeal pends may waste judicial resources and result in the parties expending unnecessary costs. Clarke does not oppose the stay, either. The stay will not be immoderate, but instead tailored to the *en banc* Eleventh Circuit's resolution of the *Hunstein* appeal. Finally, other districts courts have stayed similar actions pending the Eleventh Circuit's resolution of the *Hunstein* appeal. *See, e.g.*, *Gonzalez v. I.C. Sys., Inc.*, No. 1:21-cv-23691-RKA (S.D. Fla.), Doc. 11 ("[T]he Clerk shall STAY this case pending the Eleventh Circuit's decision."); *Ruales v. Client Servs., Inc.*, No. 6:21-cv-1828-ACC-LRH (M.D. Fla.), Doc. 7 at 4 (staying the action until further order "following the Eleventh Circuit's resolution of the rehearing petition in *Hunstein*").

Accordingly, it is **ORDERED**:

1. Defendant Hunter Warfield's Unopposed Motion to Stay the Case Pending the *En Banc* Decision in *Hunstein* (Doc. 12) is **GRANTED**.

2. This action is **STAYED** until further order of the Court following the *en banc* Eleventh Circuit's resolution of the appeal in *Hunstein v. Preferred Collection and Management Services, Inc.*, No. 19-14434.

3. Within **TEN (10) DAYS** of the *en banc* Eleventh Circuit's resolution of the appeal, the parties must file a notice advising the Court of that resolution and motion requesting the case be re-opened and the stay be lifted.

4. The Clerk is directed to terminate all deadlines and **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on January 3, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any